UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re  
Daniel Cruz and  
Kathleen T. Cruz,  
        Debtors.

Chapter 13

Case No. 08-23419-svk

MEMORANDUM DECISION

      This case addresses whether a bonus received during the six-month period preceding the debtor's petition can be pro-rated over the entire year, in order to more accurately reflect the debtor's income for purposes of determining required Chapter 13 plan payments. Daniel and Kathleen Cruz (the "Debtors") filed a Chapter 13 petition on April 9, 2008. The Chapter 13 Trustee objected to confirmation because the Debtors' plan failed to devote all projected disposable income over the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B). In response to the Trustee's objection, the Debtors filed an amended Schedule I (Income) and Form B22C on July 10, 2008 adjusting the $12,000 bonus Mr. Cruz received during the six months prior to the date the petition was filed. The Debtors argue that the bonus should be prorated over twelve months, since the bonus is paid on account of Mr. Cruz's service over the course of the year. Under the Debtors' calculation, only $6,000 of the bonus would be included in the projected disposable income calculation on Form B22C.

      The Trustee's position is that because all $12,000 was received within six months of filing, the full amount should be included when determining the Debtors' current monthly income. The Trustee argues that the means test is clear: the entire bonus was received during the means test window, and all of that income should then be included in the calculation. The Trustee's objection is based on § 1325(b)(1)(B) of the Bankruptcy Code, which provides, in pertinent part:

> If the trustee ... objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-... (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period ... will be applied to make payments to unsecured creditors under the plan.

Although the Bankruptcy Code does not define *projected* disposable income, it does define disposable income as: "current monthly income received by the debtor . . . less [certain expenses]." 11 U.S.C. § 1325(b)(2). The Code defines current monthly income ("CMI") in § 101(10A) as "the average monthly income from all sources that the debtor receives . . . derived during the 6 month- period ending on the last day of the calendar month immediately preceding the date of the commencement of the case . . ." Form B22C is the Official Bankruptcy Form which provides the framework for calculating a debtor's CMI.

This Court has held that projected disposable income is the current monthly income calculated from Form B22C, projected for the term of the Chapter 13 plan. *In re Spraggins*, 386 B.R. 221 (Bankr. E.D. Wis. 2008) (income from Form B22C, rather than Schedule I, should be used to calculate projected disposable income); *In re Guzman*, 345 B.R. 640 (Bankr. E.D. Wis. 2006) (BAPCPA has taken away bankruptcy courts' discretion in determining projected disposable income for above-median debtors). While there are other schools of thought in calculating projected disposable income, a growing number of courts has adopted a "plain meaning" view that determines projected disposable income by multiplying the CMI calculated on Form B22C over the applicable commitment period. *See, e.g., Mancl v. Chatterton (In re Mancl)*, 381 B.R. 537, 541 (W.D. Wis. 2008) ("only reasonable interpretation of the phrase 'projected disposable income' is current monthly income projected forward"), *Maney v. Kegenveama (In re Kegenveama)*, 527 F.3d 990, 994 (9th Cir. 2008) (plain meaning of statute compels link between "disposable income" and "projected disposable income"). *See also Hildebrand v. Kimbro (In re Kimbro),* 389 B.R. 518 (B.A.P. 6th Cir. 2008) (plain meaning applied to deduction of vehicle ownership expense). Therefore, this Court remains comfortable in the conclusion that projected disposable income is determined directly from CMI. While this reading of the statute often favors a debtor who has less CMI than disposable monthly income as computed pre-BAPCPA, it can also require higher payments of a debtor who has more CMI than actual disposable income, as is apparently the case here.

The Debtors do not dispute that they received all $12,000 within the six months prior to their Chapter 13 filing. The Debtors' CMI is derived by totaling all of their income received in that period, and dividing by six to obtain a monthly average. To the extent the Debtors argue that the figure does not reflect an "average" yearly income, a plain reading of Bankruptcy Code § 101(10A) defeats their argument. The resulting average comes from dividing "income from all sources" during the 6 months prior to the petition date by six; not by first spreading a bonus over twelve months. Whether income is included in CMI is determined by when the debtor *receives* funds, not when they are earned. Recently, in *In re DeThample*, the court held that a debtor's receipt of a 401k distribution was dispositive for CMI purposes: "[t]his Court reads § 101(10A) to include every dime a debtor gets during the relevant period except for those amounts specifically excluded by § 101(10A)(B), like Social Security benefits." 2008 Bankr. LEXIS 2111 (Bankr. D. Kan. July 24, 2008).

The calculation of CMI, as dictated by Form B22C is clear. The Debtors' bonus was received within the six month window defined by § 101(10A) of the Code. The Code therefore requires the inclusion of the entire bonus in calculating CMI. A separate Order will be issued sustaining the Trustee's Objection to Confirmation.

Date: August 11, 2008

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge